## HASBROUCK HEIGHTS COMPANY v. THE TOWNSHIP COMMITTEE OF LODI ET AL.

Argued November 8, 1900—Decided February 25, 1901.

Where two separate tracts of land are separately assessed for taxes, each tract must be sold by itself for the unpaid tax on it, so that the person entitled to redeem after the sale may exercise his right to do so without paying the sum bid at the tax sale for both properties.

On *certiorari* to set aside sale for taxes.

Before Justices VAN SYCKEL and FORT.

For the prosecutor, *George P. Rust.*

The opinion of the court was delivered by

VAN SYCKEL, J.    This writ is prosecuted to set aside a tax sale of real estate in the township of Lodi.

Two tracts of land were assessed, one tract of three hundred acres, on which the tax levied was $23.80, and the other a tract of fifty acres, on which the tax imposed was $4.92. The two sums were added together, and both properties were sold together for the two sums.

The act of March 14th, 1879 (*Gen. Stat., p.* 3353), under which this sale was made, directs that when taxes are in arrears the township committee shall issue its warrant to the collector, commanding him to make such taxes, with the interest, costs and expenses, out of the lands on account of which the same were assessed.

Section 334 provides that the lands shall be sold to such person as will agree to take the same for the shortest term and pay the taxes assessed and the interest, costs and expenses.

Section 338 gives the owner, mortgagee or any person having a legal or equitable interest in said lands the right of redemption within two years, by paying the amount of

purchase-money set out in the certificate of sale, with twelve per cent. interest.

The act clearly contemplates a sale of each tract of land assessed by itself, otherwise there would be no means of ascertaining how much a person entitled to redeem one of said tracts would be required to pay.

That was manifestly the view entertained by this court in *Jones* v. *Landis Township,* 21 *Vroom* 374, and is the correct construction of the statute.

In this respect the proceedings for the sale were illegal, and the sale should be set aside, with costs.